```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

JOCELYN LUMMIS,

                Plaintiff,

vs.       Case No. 2:05-cv-298-FtM-29SPC

JOHNS-MANVILLE CORP.; JOHNS MANVILLE INTERNATIONAL, INC.; CERTAINTEED CORP.; KNAUF INSULATION GMBH; GUARDIAN FIBERGLASS, INC.; GUARDIAN BUILDING PRODUCTS DISTRIBUTION, INC.; MASCO CORPORATION,

                Defendants.
_____

## OPINION AND ORDER

On October 6, 2005, the Court entered an Order to Show Cause (Doc. #56) directed to the issue of whether a federal district court has jurisdiction over this case. Defendants filed a Response on October 17, 2005 (Doc. #58); no response has been filed by plaintiff. Defendants assert that, at the time of removal, federal jurisdiction was present because complete diversity of citizenship existed and the amount in controversy exceeded the $75,000 jurisdictional amount. Alternatively, defendants assert that the Class Action Fairness Act applies to the First Amended Complaint and grants subject matter jurisdiction to the Court.

The general principles are well settled. The party seeking to invoke federal jurisdiction bears the burden of establishing the jurisdiction of the federal court. Friedman v. New York Life Ins. Co., 410 F.3d 1350, 1352-53 (11th Cir. 2005); Williams v. Best Buy

Co., Inc., 269 F.3d 1316, 1319 (11th Cir. 2001)(citing Kirkland v. Midland Mortgage Co., 243 F.3d 1277, 1281 n. 5 (11th Cir. 2001)). Thus, the burden of establishing jurisdiction in this case is upon defendants. Jurisdiction must be shown to have existed as of the date of removal, Leonard v. Enterprise Rent A Car, 279 F.3d 967, 972 (11th Cir. 2002), although post-removal evidence may be considered. Sierminski v. Transouth Fin. Corp., 216 F.3d 945, 949 (11th Cir. 2000). Allegations relating to the amount in controversy in the amended pleading, filed after removal, do not affect the Court's jurisdiction. Leonard, 279 F.3d at 972; Poore v. American-Amicable Life Ins. Co. of Tex., 218 F.3d 1287, 1289, 1291 (11th Cir. 2000)(Court had jurisdiction even after plaintiffs filed Amended Complaint reducing the amount in controversy).

Diversity jurisdiction requires that the parties be citizens of different states and that the amount in controversy exceed the sum or value of $75,000, exclusive of interest and costs. See 28 U.S.C. § 1332; Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1261 (11th Cir. 2000). The only issue in this case is the amount in controversy.

Plaintiff has tried mightily to stay out of federal court. In her original Class Action Complaint (Doc. #2), plaintiff stated in her "Jurisdiction and Venue" section: "Neither Plaintiff nor any member of the Class has suffered damages exceeding $74,999.00 each, even when trebled. In no event will Plaintiffs or any member of a Class accept damages in excess of $74,999.00. Further, attorneys'

-2-

fees on a pro-rata basis will not exceed $74,999.00 for each class member." (Doc. #2, ¶ 9). Each count contains a virtually identical paragraph. (Doc. #2, ¶¶ 61, 76). The Court gives great deference to such representations and presumes them to be true. Federated Mutual Ins. Co. v. McKinnon Motors, LLC, 329 F.3d 805, 808 (11th Cir. 2003).

Plaintiff has therefore represented that she will accept $1 less than the jurisdictional amount as to each count. As to Count One, Florida law authorizes the recovery of attorney fees, Fla. Stat. § 501.2105, and therefore a reasonable amount of those fees is included in the amount in controversy. Morrison, 228 F.3d at 1265. It is certain that such a reasonable attorney fee would exceed $1. Accordingly, the Court agrees with defendants that diversity jurisdiction exists.[1]

Accordingly, the Court will take no further action on the Order to Show Cause.

**DONE AND ORDERED** at Fort Myers, Florida, this   6th   day of December, 2005.

*/s/ John E. Steele*
JOHN E. STEELE
United States District Judge

Copies:
Counsel of record

---

[1] Having found subject matter jurisdiction based on diversity, the Court need not address whether the Class Action Fairness Act provided a basis for federal jurisdiction in this case.